Citation Nr: 1121864 
Decision Date: 06/06/11 Archive Date: 06/20/11

DOCKET NO. 09-11 294 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Whether new and material evidence has been submitted to reopen a previously denied claim of entitlement to service connection for a left leg disorder, to include whether service connection can be granted.

2. Entitlement to service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: South Carolina Office of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

April Maddox, Counsel


INTRODUCTION

The Veteran had active service from June 1968 to January 1970. Service personnel records show that he had service in Vietnam from November 1968 to January 1970. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

The Veteran testified before the undersigned Veterans Law Judge at a Travel Board hearing in March 2010. A transcript of this proceeding is of record. During this hearing the Veteran waived RO consideration of recently submitted VA treatment records. 

This case was previously before the Board in August 2010 at which times the issue was remanded for further development. The Board is satisfied that there has been substantial compliance with the remand directives and the Board may proceed with review. Stegall v. West, 11 Vet. App. 268 (1998). 


FINDINGS OF FACT

1. The RO denied service connection for a left leg disorder in a January 1976 rating decisions and properly notified the Veteran, who did not initiate an appeal of this decision.

2. The January 1976 rating decision is the last final decision prior to the Veteran's request to reopen his claims for a left leg disorder in January 2008.

3. Evidence received since the January 1976 rating decision regarding the Veteran's claim for service connection for a left leg disorder is not cumulative of evidence previously of record and raises a reasonable possibility of substantiating the claim.

4. There is no evidence of a left leg disorder in service, or within one year after service, and no competent medical evidence linking the Veteran's current left leg disorder with his period of service.

5. There is no competent diagnosis of PTSD. 


CONCLUSIONS OF LAW

1. The rating decision of January 1976 is final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 20.200, 20.302, 20.1103 (2010).

2. New and material evidence having been received, the claim of entitlement to service connection for a left leg disorder is reopened. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156(a) (2010).

3. Service connection for a left leg disorder is not established. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2010).

4. Service connection for PTSD is not established. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304(f), 4.125 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

This appeal arises out of the Veteran's assertion that a left leg disorder and PTSD are related to his service with the United States Army from June 1968 to January 1970. 

General Legal Criteria

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). In order to prevail on the issue of service connection there must be competent evidence of a current disability; medical evidence, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). 

Lay testimony is competent to establish the presence of observable symptomatology and "may provide sufficient support for a claim of service connection." Layno v. Brown, 6 Vet. App. 465, 469 (1994). When a condition may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. In such cases, the Board is within its province to weigh that testimony and to make a credibility determination as to whether that evidence supports a finding of service incurrence and continuity of symptomatology sufficient to establish service connection. See Barr v. Nicholson, 21 Vet. App. 303 (2007). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). 

Analysis

1. Left leg disorder

The Veteran's original claim for service connection for a left leg disorder was denied in a January 1976 rating decision in which the RO determined that there was no evidence of an in-service injury to the left leg and no evidence of a current left leg disability. The RO provided notice of the denial, but the Veteran did not initiate an appeal. Therefore, the RO's decision of January 1976 is final. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.200, 20.302, 20.1103.

Generally, a claim which has been denied may not thereafter be reopened and allowed based on the same record. 38 U.S.C.A. § 7105. However, pursuant to 38 C.F.R. § 5108, if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.

New evidence is defined as existing evidence not previously submitted to agency decision makers. Material evidence is defined as existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). In determining whether evidence is new and material, the credibility of the new evidence must be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

Regardless of the RO's determination as to whether new and material evidence has been submitted, the Board has a jurisdictional responsibility to determine whether a claim previously denied by the RO is properly reopened. See Jackson v. Principi, 265 F.2d 1366 (Fed. Cir. 2001) (citing 38 U.S.C.A. §§ 5108, 7105(c)). Accordingly, the Board must initially determine whether there is new and material evidence to reopen the claim.

The evidence of record at the time of the January 1976 rating decision included the Veteran's enlistment and separation examinations showing normal extremities. Also of record was the December 1975 VA examination report showing complaints of left leg pain but no pathology found. 

In January 2008, the Veteran submitted a claim addressing several disabilities, including the left leg. In connection with this claim, the RO afforded the Veteran a VA general examination in April 2008; however, the examination report is negative for complaints or a diagnosis regarding the left leg. The RO also obtained VA treatment reports dated from January 2009 through August 2009 which are also negative for a left leg disorder and primarily pertain to disorders of the skin and eyes. 

Pursuant to the August 2010 Board remand, the Veteran was afforded additional VA examinations in August 2010 and October 2010. The August 2010 examination report shows a diagnosis of mild arthrosis of the left knee on X-ray and the examiner opined that the mild arthrosis of the left knee on X-ray was not related to the Veteran's military service because the Veteran's service treatment records were negative for complaints regarding the left knee and while the Veteran complained of left knee popping and effusion shortly after service, a December 1975 VA examination showed a normal knee and leg. 

The October 2010 VA examination included the Veteran's report that during service he was issued crutches for 4 to 5 days because he could not bear weight on his left knee. He could not remember a specific injury. The examination yielded a diagnosis of patellofemoral syndrome of the left knee. In a March 2011 addendum, the examiner opined that because the service treatment records were negative for a left leg injury or complaints of a left leg disorder and a December 1975 post-service treatment record showed a normal left knee on examination, the Veteran's current diagnosis of patellofemoral syndrome of the left knee was related to wear and tear over time. The examiner indicated that he could find no evidence the Veteran's current left knee disorder was related to military service. For this reason, the examiner opined that the Veteran's diagnosis of patellofemoral syndrome of the left knee was less likely than not incurred in or related to the Veteran's military service. 

Upon review of the record, the Board finds that evidence received since the January 1976 rating decision with regard to the claim for a left leg disorder is new and material. The January 1976 rating decision denied service connection for a left leg disorder as there was no evidence of an in-service left leg disorder and no evidence of a current left leg disorder. Evidence added to the record since the January 1976 rating decision includes reports of VA examinations which show diagnoses of current left leg disorders. Such evidence of a current left leg disorder was not of record at the time of the January 1976 rating decision and raises a reasonable possibility of substantiating the claim. Therefore, the claim is reopened. 38 U.S.C.A. § 5108; Shade v. Shinseki, 24 Vet. App. 110 (2010). 

The Board has considered whether adjudicating these claims on a de novo basis at this time would prejudice the appellant. In this case, the Veteran has been provided with pertinent laws and regulations regarding service connection. He has been given the opportunity to review the evidence of record and submit arguments in support of his claim. His arguments have focused squarely on the issue of service connection, not whether new and material evidence has been submitted. Thus, the Board can proceed with this claim without prejudice to the Veteran. See Sutton v. Brown, 9 Vet. App. 553 (1996); Bernard v. Brown, 4 Vet. App. 384 (1993).

The Board finds that the preponderance of the evidence is against service connection for a left leg disorder. First, there is no evidence of a left leg disorder during military service. As above, the January 1970 separation examination noted normal extremities. Second, while the Veteran complained of a left leg disorder shortly after service, a December 1975 VA examination showed a normal left leg. Third, there is no competent medical evidence in the record that links any current left leg disorder to an incident of the Veteran's active military service. In fact, the August 2010 and October 2010 VA examiners opined that the Veteran's current left knee disorders were not related to the Veteran's military service and, according to the October 2010 VA examiner, was most likely age-related. 

It is acknowledged that the Veteran is competent to give evidence about his observable symptomatology. Layno v. Brown, 6 Vet. App. 465 (1994). It is further acknowledged that lay evidence concerning continuity of symptoms after service, if credible, is ultimately competent, regardless of the lack of contemporaneous medical evidence. Buchanan, 451 F.3d at 1331. Here, however, any statements as to continuous left leg problems since service are not found to be persuasive in light of the fact that the Veteran denied problems upon separation and, while he complained of left leg problems immediately after service examination of the left leg in December 1975 was normal and the Veteran did not complain of left leg problems again until over three decades following discharge. Such histories reported by the Veteran for treatment purposes are of more probative value than the more recent assertions and histories given for VA disability compensation purposes. Rucker v. Brown, 10 Vet. App. 67, 73 (1997) (lay statements found in medical records when medical treatment was being rendered may be afforded greater probative value; statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth in order to receive proper care); see also Pond v. West, 12 Vet. App. 341 (1999) (although Board must take into consideration the veteran's statements, it may consider whether self-interest may be a factor in making such statements).

For these reasons, continuity of symptomatology has not here been established, either through the medical evidence or through the Veteran's statements. 

In short, the Board finds that the preponderance of the evidence is against the claim for entitlement to service connection for a left leg disorder, and the appeal is denied. The benefit-of-the-doubt rule is not applicable. See 38 U.S.C.A. § 5107(b).

2. PTSD

Service connection for PTSD, in particular, requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f) and 38 C.F.R. § 4.125 (2002) (requiring PTSD diagnoses to conform to the criteria in the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (4th ed. 1994) (DSM-IV)).

On July 13, 2010, VA published a final rule that amended its adjudication regulations governing service connection for PTSD by liberalizing, in certain circumstances, the evidentiary standard for establishing the required in-service stressor. 75 Fed. Reg. 39843 (July 13, 2010). This revision adds to the types of PTSD claims that VA will accept through credible lay testimony alone as being sufficient to establish occurrence of an in-service stressor without undertaking other development to verify the Veteran's account. The primary effect of the amendment of 38 C.F.R. § 3.304(f) is the elimination of the requirement for corroborating evidence of a claimed in-service stressor if it is related to the Veteran's "fear of hostile military or terrorist activity." In place of corroborating reported stressors, a medical opinion must instead be obtained from a VA, or VA contracted, psychiatrist or psychologist. 

The Veteran's service treatment records are negative for psychiatric problems. Reports of April 1968 enlistment and January 1970 separation examinations show a normal psychiatric system. On a January 1970 Report of Medical History, the Veteran specifically denied "frequent trouble sleeping," "frequent or terrifying nightmares," "depression or excessive worry," and "nervous trouble of any sort." Post-service VA treatment records dated from January 2009 through February 2011 are also negative for psychiatric problems. Significantly, a January 2009 VA treatment record shows that PTSD and depression screens were negative and a January 2011 VA treatment record shows that a depression screen was negative. At the March 2010 hearing, the Veteran testified that he sought mental health treatment from a private physician in 1972 for depression, however, the records from this alleged visit have not been obtained as the Veteran does not recall the name or practice group that treated him. 

The Veteran was afforded a VA psychiatric examination in December 2010 during which the Veteran described nightmares related to service, but denied a history of in-patient or out-patient psychiatric treatment. Following examination and review of the complete record, the examiner concluded that there was no evidence of any psychiatric disturbances. There was no Axis I diagnosis and the examiner specifically indicated that the Veteran did not meet the criteria for a diagnosis of PTSD. Service connection requires evidence of a current disability. Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000). 

The Veteran's claim for service connection implicitly includes the assertion that he has a diagnosis of PTSD or other acquired psychiatric disorder, but his personal opinion as a lay person not trained in medicine does not provide competent evidence needed to establish a diagnosis of an acquired psychiatric disorder. 

Since the Veteran does not have a diagnosis of PTSD or any other acquired psychiatric disorder, there is no need to discuss whether the Veteran saw combat or whether an in-service stressor actually occurred or needs to be verified. As there is no evidence of a current diagnosis of PTSD, the Board finds that service connection for PTSD is not warranted. 38 U.S.C.A. § 5107(b).

Notice and Assistance

Upon receipt of a complete or substantially complete application for benefits and prior to an initial unfavorable decision on a claim by an agency of original jurisdiction, VA is required to notify the appellant of the information and evidence not of record that is necessary to substantiate the claim. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159; Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). The notice should also address the rating criteria or effective date provisions that are pertinent to the appellant's claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

In a claim to reopen a previously and finally denied claim, VA must notify a claimant of the evidence and information that is necessary to reopen the claim and VA must notify the claimant of the evidence and information that is necessary to establish his entitlement to the underlying claim for the benefit sought by the claimant. To satisfy this requirement, VA must look at the bases for the denial in the prior decision and provide a notice letter that describes what evidence would be necessary to substantiate that element or elements required to establish service connection that were found insufficient in the previous denial. Kent v. Nicholson, 20 Vet. App. 1 (2006). 

The RO provided the appellant pre-adjudication notice by letter dated in March 2008. Moreover, the record shows that the appellant was represented by a Veteran's Service Organization and its counsel throughout the adjudication of the claims. Overton v. Nicholson, 20 Vet. App. 427 (2006). 

VA has obtained service treatment records, assisted the appellant in obtaining evidence, afforded the appellant adequate physical and psychiatric examinations, obtained medical opinions as to the etiology of disabilities, and afforded the appellant the opportunity to give testimony before the Board. All known and available records relevant to the issues on appeal have been obtained and associated with the appellant's claims file; and the appellant has not contended otherwise. 

VA has substantially complied with the notice and assistance requirements and the appellant is not prejudiced by a decision on the claim at this time.


ORDER

As new and material evidence has been received, the claim for service connection for a left leg disorder is reopened and the appeal is granted to this extent only. 

Service connection for a left leg disorder is denied.

Service connection for PTSD is denied.




____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs